UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIKRAMJIT SINGH, | CV F   03 6811 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| | (Doc. 1) |
| COMMANDER, LERDO PRETRIAL FACILITY, et. al., | |
| Defendants. | |

    Vikramjit Singh ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action. Plaintiff seeks relief pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

    Plaintiff filed the instant action on December 10, 2003, alleging that he has been wrongly denied access to photocopies which were needed to pursue his Immigration Appeal. Plaintiff names the Commander of Lerdo Pretrial Facility and the Bureau of Immigration and Customs Enforcement as defendants.

**A. SCREENING REQUIREMENT**

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. ANALYSIS**

   *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff does not link any individual to an act or omission that gives rise to a constitutional violation. Although plaintiff names the "Commander" he does not indicate who that person is. Plaintiff also names two agencies as defendants. However, a <u>Bivens</u> cause of action is not available against private entities, <u>see</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 71-72, 122 S.Ct. 515 (2001), or federal agencies, <u>see</u> <u>FDIC v. Meyer</u>, 510 U.S. 471, 486, 114 S.Ct. 996 (1994). Because plaintiff has failed to link an individual to an act or omission, he fails to state a cognizable claim for relief.

### *2. Claim for Relief*

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. <u>Id</u>.

Inmates do not have the right to a law library or legal assistance. <u>Id</u>. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. <u>Id</u>. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." <u>Id</u>. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id</u>.

Here, Plaintiff alleges that he is being wrongfully denied photocopies needed in order to litigate his immigration appeal. As noted above, the right of access is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Lewis v. Casey</u>, 518 U.S. 343, 354 (1996) (noting that <u>Bounds</u> does not guarantee inmates the ability to "transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.") Plaintiff is alleging a constitutional violation in the pursuit of an immigration case. Thus, a Biven's action is not available to challenge the alleged violations.

## C. RECOMMENDATION

Accordingly, the Court RECOMMENDS that the instant action filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) be DISMISSED.

It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 3, 2005**              **/s/ Sandra M. Snyder**
icido3                                         UNITED STATES MAGISTRATE JUDGE